1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9  WHITE ROCK DISTILLERIES, INC.,
10         Plaintiff,                         No. C 08-05478 JSW
11  v.
12  FRANCISCAN VINEYARDS, INC.,               **ORDER GRANTING MOTION TO DISMISS**
13         Defendant.
                                        /
14

15         Now before the Court is the motion to dismiss for lack of subject matter jurisdiction

16  filed by defendant Franciscan Vineyards, Inc. ("FVI").  The Court finds that this matter is

17  appropriate for disposition without oral argument and it is hereby deemed submitted.  *See* Civ.

18  N.D. L.R. 7-1(b).  Accordingly, the hearing set for February 27, 2009 is HEREBY VACATED.

19  Having carefully reviewed the parties' papers, considered their arguments and the relevant legal

20  authority, the Court hereby grants FVI's motion to dismiss.[1]

21                           **BACKGROUND**

22         Plaintiff White Rock Distilleries, Inc. ("White Rock") filed this declaratory relief action

23  against FVI, alleging that it fears that FVI will bring an infringement action against it based on

24  White Rock's use of the its trademark PINNACLE for vodka.  White Rock seeks a declaration

25  from the Court that its trademark PINNACLE does not infringe upon any of FVI's rights.  FVI

26  contends that White Rock does not have a reasonable apprehension that FVI will sue White

27
28

---

[1] The Court GRANTS the request by Plaintiff White Rock Distilleries, Inc. to file a sur-reply.

**United States District Court**
For the Northern District of California

1   Rock for trademark infringement and, thus, argues this declaratory relief action should be

2   dismissed for lack of subject matter jurisdiction.

**ANALYSIS**

3   **A.    Applicable Legal Standards.**

4   When a defendant moves to dismiss a complaint or claim for lack of subject matter

5   jurisdiction, the plaintiff bears the burden of proving that the court has jurisdiction to decide the

6   claim. *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

7   Federal courts can only adjudicate cases which the Constitution or Congress authorize them to

8   adjudicate: those cases which involve diversity of citizenship, or those cases which involve a

9   federal question, or those cases which involve the United States as a party. *See e.g.*, *Kokkonen*

10  *v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

11  A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil

12  Rule 12(b)(1) may be "facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

13  (9th Cir. 2004). Where an attack on jurisdiction is a "facial" attack on the allegations of the

14  complaint, the factual allegations of the complaint are taken as true and the non-moving party is

15  entitled to have those facts construed in the light most favorable to him or her. *Fed'n of African*

16  *Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996). If the jurisdictional

17  attack is "factual," a defendant may rely on affidavits or other evidence properly before the

18  Court, and the non-moving party is not entitled to any presumptions of truthfulness with respect

19  to the allegations in the complaint. Rather, he or she must come forward with evidence

20  establishing jurisdiction. *Thornhill*, 594 F.2d at 733.

21  **B.    White Rock's Action Shall Be Dismissed.**

22  In order to establish subject matter jurisdiction, White Rock bears the burden of

23  establishing that an "actual controversy" existed at, and has continued since, the time it filed

24  this action. *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("When

25  presented with a claim for a declaratory judgment, ... federal courts must take care to ensure the

26  presence of an actual case or controversy, such that the judgment does not become an

27  unconstitutional advisory opinion."). "[A]n action for a declaratory judgment that a patent [or

28

United States District Court
For the Northern District of California

1    trademark] is invalid, or that the plaintiff is not infringing, [presents] a case or controversy if the

2    plaintiff has a real and reasonable apprehension that he will be subject to liability if he

3    continues to manufacture his product." *Id.* (quoting *Hal Roach Studios, Inc. v. Richard Feiner*

4    *& Co., Inc.*, 896 F.2d 1542, 1555-56 (9th Cir. 1990)).

5         FVI argues that any claim by it against White Rock for trademark infringement would

6    be barred by laches because more than five years have passed since FVI knew or should have

7    know that White Rock was selling vodka under its mark. (Mot. at 13.)  To demonstrate laches

8    under the Lanham Act, White Rock would need to show that FVI unreasonably delayed in filing

9    suit and that it suffered prejudice as a result of FVI's unreasonable delay.  *See Danjac LLC v.*

10   *Sony Corp.*, 265 F.3d 942, 955 (9th Cir. 2001).  "Generally speaking, the relevant delay is the

11   period from when the plaintiff knew (or should have known) of the allegedly infringing

12   conduct, until the initiation of the lawsuit in which the defendant seeks to counterpose the

13   laches defense." *Danjac*, 265 F.3d at 952.   For claims that are filed outside of the applicable

14   four-year statute of limitations period, there is a presumption that laches would apply.  *Miller v.*

15   *Glenn Miller Productions, Inc.*, 454 F.3d 975, 997 (9th Cir. 2006).

16        White Rock argues that it is not in a position to say when FVI knew or should have

17   know of White Rock's use of the mark at issue.  However, as noted above, FVI admits that it

18   knew or should have known of White Rock's use for at least five years.  Thus, any infringement

19   claim by FVI would be presumptively barred by laches.  Presumably, White Rock could

20   demonstrate prejudice by FVI's delay in bringing an infringement action.  Moreover, to the

21   extent FVI later attempts to bring an infringement action against White Rock, judicial estoppel

22   would preclude FVI from contesting a laches defense.  "Judicial estoppel, sometimes also

23   known as the doctrine of preclusion of inconsistent positions, precludes a party from gaining an

24   advantage by taking one position, and then seeking a second advantage by taking an

25   incompatible position." *Rissetto v. Plumbers & Steamfitters Local 343,* 94 F.3d 597, 600 (9th

26   Cir. 1996).  It "is an equitable doctrine that is intended to protect the integrity of the judicial

27   process by preventing a litigant from 'playing fast and loose with the courts.'" *Wagner v. Prof'l*

28   *Eng'rs in Cal. Gov't*, 354 F.3d 1036, 1044 (9th Cir. 2004) (quoting *Russell v. Rolfs,* 893 F.2d

**United States District Court**
For the Northern District of California

1033, 1037 (9th Cir. 1990) (internal quotation marks omitted)).  Further, "[j]udicial estoppel applies to a party's stated position whether it is an expression of intention, a statement of fact, or a legal assertion."  *Id.*  Because the Court is relying on FVI's assertion that laches would bar any infringement action it would have against White Rock for use of the PINNACLE mark in finding that White Rock does not have a real or reasonable apprehension that it will be subject to liability for trademark infringement, FVI would be judicially estopped from later taking an incompatible position.  Therefore, the Court finds that it does not have jurisdiction over this declaratory relief action and, thus, grants FVI's motion to dismiss.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS FVI's motion to dismiss for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: February 25, 2009

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

4